IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEROME VICTOR TRAFNY<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:06 CV 284 TC |

Petitioner Jerome Victor Trafny pleaded guilty to a one-count indictment alleging a violation of 18 U.S.C. § 2113, Bank robbery and incidental crimes. The court sentenced Mr. Trafny to serve a prison term of sixty-three months to be followed by thirty-six months of supervised release. This matter is now before the court on two motions filed by Mr. Trafny, who is proceeding pro se. In both motions, Mr. Trafny alleges that the court impermissibly delegated authority to administrative agencies at the time of Mr. Trafny's sentencing. Mr. Trafny requests a modification of his sentence to remedy the allegedly impermissible delegations.[1] The court finds that both of Mr. Trafny's motions have merit.

## ANALYSIS

In his first motion, Mr. Trafny moves this court for an order removing the requirement

---

[1] Both of Mr. Trafny's motions were filed on the same day. Although only cited in his first motion, the court treats both of Mr. Trafny's pleadings as one motion brought under 28 U.S.C. § 2255.

that he submit to drug testing while on supervised release.  Mr. Trafny claims that such relief is appropriate because the court's judgment impermissibly granted the probation officer the discretion to determine the maximum number of drug tests to which Mr. Trafny will be subjected during his supervised release period.  In his second motion, Mr. Trafny argues that the court impermissibly delegated to the United States Bureau of Prisons and the United States Parole Office the responsibility of scheduling Mr. Trafny's restitution payments.  Citing that allegedly impermissible delegation of authority, Mr. Trafny requests that the court enter an order requiring the cessation of all collection activities on Mr. Trafny's restitution obligation.  The court will first address the merits of Mr. Trafny's claims before turning to the appropriate remedy.

### I.  Drug Testing

Mr. Trafny argues that the judgment entered by the court in his criminal case impermissibly delegates to the probation officer the responsibility of determining the maximum number of drug tests to which Mr. Trafny will be subjected during his supervised release period.  The court agrees.

Mr. Trafny's argument is based on his reading of 18 U.S.C. § 3583(d), which outlines the conditions of supervised release.  That section provides that the court must order "that the defendant refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least 2 periodic drug tests thereafter (as determined by the court) for use of a controlled substance."  18 U.S.C. § 3583(d).  Mr. Trafny argues that the statutory language imposes a duty <u>on the court</u> to determine the number of periodic drug tests to which he will be subjected following his compliance with the first, mandatory drug test that will occur within fifteen days of his release.

In support of his argument, Mr. Trafny relies upon the Ninth Circuit's decision in <u>United</u>

States v. Stephens, 424 F.3d 876 (9th Cir. 2005). In Stephens, the Ninth Circuit looked to the plain language of 18 U.S.C. § 3583(d) and determined that a sentencing court may not allow the probation officer to determine the maximum number of drug tests to which a defendant on supervised release will be subjected. Id. at 882. According to the Stephens court, such an interpretation is consistent with the basic principle that has developed in cases examining the proper division of labor between district courts and probation offices:

> [W]here the court makes the determination of whether a defendant must abide by a condition, and how (or, when the condition involves a specific act such as a drug testing, how many times) a defendant will be subjected to the condition, it is permissible to delegate to the probation officer the details of where and when the conditions will be satisfied.

Id. at 880. Applying that principle, the Stephens court held that a district court judgment that required the defendant to submit to "at least two periodic drug tests[,] . . . as directed by the probation officer" amounted to an impermissible delegation of court authority.

Mr. Trafny's judgment contains the identical language challenged in Stephens. (Am. J. in a Crim. Case, May 8, 2005, 2.) Accordingly, Mr. Trafny urges the court to follow Stephens and declare the challenged language an impermissible delegation of judicial authority. Both the First and Seventh Circuits have indicated approval of that approach. See,e.g., United States v. Melendez-Santana, 353 F.3d 93 (1st Cir. 2003); United States v. Bonnano, 146 F.3d 502 (7th Cir. 1998). Although the Tenth Circuit has yet to address this issue, the court finds the reasoning of the above-cited cases persuasive. Accordingly, the court concludes that the supervised release condition mandating periodic drug testing, as it currently stands, delegates an impermissible amount of discretion to the probation officer and must be modified.

## II. Restitution

Mr. Trafny's judgment requires him to pay restitution in the amount of $6,083.

(Amend. J. in a Crim. Case, May 8, 2005, 3.)  The judgment provides that "[p]ayments . . . will be made in accordance with a schedule established by the US Bureau of Prisons' Inmate Financial Responsibility Program while incarcerated and the USPO following release from imprisonment."  (Id.)

Mr. Trafny argues that his judgment impermissibly delegates the task of establishing a payment schedule to the United States Bureau of Prisons and the United States Parole Office. The court agrees.

The Tenth Circuit has previously addressed this question and concluded that "[i]n light of th[e] statutory scheme, we see no room for delegation by the district court with respect to payment schedules for restitution." United States v. Overholt, 307 F.3d 1231, 1256 (10th Cir. 2002).  According to the Tenth Circuit, the provision of the United States Code governing restitution orders "clearly contemplates judicial control of restitution payment schedules." Id. at 1255.  While judicial control may be exercised by simply adopting a payment schedule proposed by the probation office, it appears that district courts within the Tenth Circuit cannot grant either the Bureau of Prisons or the Probation Office the authority to set and implement a payment schedule.

Accordingly, the court concludes that the payment schedule currently set for Mr. Trafny was created through the exercise of authority improperly delegated to the Bureau of Prisons.  As a result, that portion of Mr. Trafny's sentence must be modified.

### III. Remedy and Additional Proceedings

Although the court finds Mr. Trafny's claims meritorious, his requested remedy is drastic. Specifically, Mr. Trafny requests that the court disallow any drug testing during his supervised release and also strip the Bureau of Prisons and the Probation Office of any authority to collect

the restitution obligation imposed by this court.  The court is disinclined to grant such relief.

The court concludes that Mr. Trafny requires the aid of counsel to pursue this matter further.  As a result, the court will schedule a status conference to occur a short time after the issuance of this order.  At that time, the court will outline the course further proceedings in this matter will follow.

DATED this 13th day of April, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge